# United States District Court
# Northern District of West Virginia

| | |
|---|---|
| Francisco Masias<br>Plaintiff<br>vs.<br>Hodges, Riffle, Aldrige, Wilson, Flowers, and Bawer<br>Sued in there official and Individual capacities,<br>Defendants | Civil Action No: 5:20cv171<br><br>**FILED**<br>AUG 13 2020<br>U.S. DISTRICT COURT<br>ELKINS WV 26241<br><br>Federal civil rights complaint<br>(Bivens Action) |

## Jury Trial Demand
### Complaint for money Damages and injunction

### Parties

1. Plaintiff Francisco Masias is a prisoner incarcerated at F.C.I gilmer, which is located in District of West Virginia

2. Defendant Hodges, was at all times relevant to this action the warden at the F.C.I Gilmer and was acting under the color of Federal and State Law. By statue the warden is responsible for ensuring the safty and well-being of prisoners under his supervision. By B.O.P policy, an inmate is not to be confined in Disiplinary segregation unless he poses a serious threat or is santioned by D.H.O (Disiplinary Hearing officer). He is shed in his official capacities.

3. Defendant Riffle was at all times the captain at F.C.I Gilmer. He is in charge of who gets in and out of S.H.U. He is sued in his official capacities.

4. Defendant Aldrige was at all times the SIS at F.C.I Gilmer. He is in charge of all Investigations and recommended who is placed under investigation. He is sued in his official capacities.

5. Defendant Ms. Wilson was at all times the doctor at F.C.I Gilmer, she is in charge of who gets medical attention and what gets attention or medical needs are met.

6. Defendant Flowers was at all times AUSA, in Northern District West Virginia. He is responsible for following Due Process Rights and laws.

7. Defendant Bower was at all times AUSA in Northern District of West Virginia. He is responsible for following Due Process Rights and laws.

## Factual Allegations

8. On April 6, 2019, Plaintiff was called to lutenants office appoximatly at 8:30 AM.

9. At around 8:40 am April 6, 2019 Plaintiff arrived at LT's office and was informed he was being placed in SHU under investigation.

10. On April 8th 2019, Plaintiff asked LT Kinder why he was in SHU for investigation he informed me SIS would come and talk to me.

11. On April 12, 2019 Plaintiff tried to order stamps to write home but was told he couldn't due to account being froze.

12. On May 25th 2019 Plaintiff tried to call home to family but couldn't due to account being froze.

13. On July 8th 2019, SIS Aldrige came to my cell in SHU to tell me I was being refered for prosecution and tried to get me to sign a CJA-23 form, I asked if I was being charged with something, He stated No but I might need a lawyer later. I refused to sign and he left.

14. On Oct 8th 2019, SIS Aldrige and SIS Atkins came to my cell in SHU, And said "if youre tired of being in SHU sign this paper". Again it was a CJA-23 form, I again asked if I have been charged. He stated "No" I refused to sign again and he left.

15. On Oct 20, 2019, I got a letter stating they had recieved my CJA-23 form requesting a attorney. I never signed a request or any form. My name was forged.

16. On Jan 2, 2020, I was informed that my account was no longer froze, so I could call home and buy stamps to write home.

17. On Jan 22, 2020, Warden Hodges while doing rounds informed me I should be out of SHU or be shiped to another jail soon.

18. On Feb 5th 2020, SIS Aldrige while doing rounds told me "when ever you're tired of sitting in segragation, just plead guilty and we'll let you out".

19. On Feb 12 2020, Assistant Warden Thompson while on rounds, I handed her a BP-9 because my previous ones went unanswered about my medical needs not being met.

20. Feb 2020, I was called to medical after almost a year of putting request. But was only told I was referred to a specialist. This was the second time I was told this in over 1 year.

21. Approximatly between March 2020 - April 2020, I was seen by Doctor Anderson and was told I was being informed I had 4-5 outside appointments for a specialist for different medical conditions and needs.

22. April 22, 2020, while on rounds I asked Assistant Warden Ms. Thompson why BP-9's on medical, The officer in SHU not giving recreation, and my counseler not doing his job had not got a response, and her answer was "welcome to west virginia".

23. On April 31, 2020, I finally got a response from central office on my Administrative Remedy. I was informed that since Warden did not answer at institution level it was rejected, but that also my claims of unprofessinal, inappropriate conduct or misconduct by staff were being forwarded to another department for review. I have not heard from no one since!

24. On July 13, my counseler Mr. Beets, pulled me out of my cell for a Attorney Phone call. This was the first time and only time I spoke to Mr. Fairman Kemp. He informed me that I was not yet charged with any crime. But it I wanted to get out of segregation I would have to plead guilty. I asked how this was possible if I had not been charged, or seen a Judge or any Discovery, He said he had Discovery but couldnt show it to me or talk about it.

24. He also told me the AUSA was Bauer, And that he would not let me out the SHU until I plea guilty and that I could be kept in SHU up to five years without charges. I asked him how were my Due process rights were being violated, He informed me this was to get me out of SHU faster.

25. As of Aug 5, 2020, I am still being held in SHU. my medical needs have not been addressed, ms. wilson wont answer my sick calls, warden Hodges says its out his hands and up to Aldrige (SIS). (SIS) tells me its out of his hands and hes waiting on AUSA Bauer.

## Causes of Action

### Count 1

Plaintiff was subjected to cruel and unusual punishment in violation of the Eighth Amendment to the constitution.

26. Plaintiff incorporates paragraphs 1 through 25 as though they were stated fully herein.

27. Defendants violated Plaintiffs Eighth Amendment right to be free from cruel and unusual punishment by keeping Plaintiff in Disiplinary Segregation violating B.O.P policies.

28. Defendants violated Plaintiffs Eighth Amendment right to be free of cruel and unusual punishment by depriving Plaintiff contact with his family and Recreation as stated by B.O.P policy.

29. Defendants violated Plaintiffs Eighth Amendment right by not attending to Plaintiffs medical needs for over 1 year.

## Count 2

Plaintiff was denied due process under fourteenth Amendment to the constitution.

30. Plaintiff incorporates paragraphs 1 through 25 as though they were stated fully herein.

31. Defendants violated Plaintiffs fourteenth Amendment rights to due process by countinuasly keeping Plaintiff in Disiplinary Segregation for over fifteen months.

32. Defendants violated Plaintiffs fourteenth Amendment rights Due to process by not allowing to go to D.H.O for any violations of institution rules as stated by B.O.P policies and aggrieve the conditions of his confindment.

35. Defendants violated Plaintiffs fourteenth Amendment rights to Due Process by trying to get him to plead guilty without his givin rights to the courts.

36. Defendants violated Plaintiffs fourteenth Amendment rights Due to process by keeping him in SHU for over maximum time allowed for the worst violation of B.O.P rules and the time they wanted to give Plaintiff under Plea Deal, All while never being given his DHO hearing or Day in court. And keeping in hardship and trying to punish him twice.

Pursuant to U.S.C § 1746, I declare and verify under penalty of perjury, under the Laws of the United States of America that the foregoing is true and correct. Executed on Aug. 5, 2020

*Francisco Masias*

## Prayer For Relief

WHEREFORE; Plaintiff respectfully prays that this court:

A. Declare that the facts and omissions described herein violated Plaintiffs rights under the constitution and laws of the United States;

B. Order Defendants to pay Attorney and court fees and costs.

C. Order Defendants to release Plaintiff from Disciplinary segregation with no further penalties, and grant other just and equitable relief that this Honorable court deems necessary.

Respectfully Submitted

x _____

Date
8-5-20

Francisco Masias
#42558-424
F.C.I Gilmer
P.O Box 6000
Glenville WV 26351